Fuseini v. Barr

BIA
Zagzoug, IJ
A208 120 768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>               *Chief Judge,*
>       PIERRE N. LEVAL,
>       RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

_____

BUHARI FUSEINI,
>       *Petitioner,*

>       v.                                    18-2854
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Andrew N.
                       O'Malley, Senior Litigation
                       Counsel; Kimberly A. Burdge, Trial
                       Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Buhari Fuseini, a native and citizen of Ghana, seeks review of a September 10, 2018, decision of the BIA affirming an August 29, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Buhari Fuseini,* No. A208 120 768 (B.I.A. Sept. 10, 2018), *aff'g* No. A208 120 768 (Immig. Ct. N.Y. City Aug. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76–77 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

2

the applicant or witness, the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Fuseini was not credible as to his claim that his father and members of his community in Ghana beat him because he is bisexual.

The agency reasonably relied on Fuseini's inconsistent testimony about how he came to possess the copy of his birth certificate that he submitted in support of his application, which bore a March 2016 certification that it was a true copy. Fuseini initially testified that he had this copy when he came to the United States in February 2015. When asked how he could have possessed a document dated March 2016 in

3

February 2015, he changed his story and stated that a friend in Ghana mailed it to him. He claimed to still have the envelope in which it was mailed but did not have it with him. He had no other evidence from Ghana to corroborate his identity, claiming that he lost his passport in Colombia and that he never obtained a national identity card in Ghana, even though one was required.

This internal inconsistency in Fuseini's testimony about the birth certificate constitutes substantial support for the adverse credibility determination because whether Fuseini is a citizen of Ghana is material to his asylum claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency concerning the basis of an applicant's asylum claim is substantial evidence of adverse credibility); *Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005) (concluding that an applicant's "nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum"); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The IJ also reasonably relied on Fuseini's demeanor,

4

noting that he lacked forthrightness in responding to simple questions and that his testimony was vague and vacillating. We grant "particular deference" to a demeanor finding because "the IJ's ability to observe the witness's demeanor places her in the best position to evaluate . . . credibility." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ specified that Fuseini vacillated about whether he had friends in the United States, he gave "vague accounts of the difficulties" of securing a new passport, and he did not explain how he traveled through several countries without his passport after he lost it in Colombia. The record supports these findings.

For example, Fuseini initially testified that he had no friends in the United States, but he later changed his testimony, stating that he asked his friends about what documents he would need to obtain a new passport. When confronted with this inconsistent testimony, he stated that "[t]hey're not necessarily my friends, but we always talk, just because we're all from the same country." The IJ was not required to accept this explanation. *See Majidi v Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

5

that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Fuseini also gave vague answers about how he was able to travel through several countries without a passport and why he had not obtained a new passport.

Having questioned Fuseini's credibility, the agency reasonably determined that he did not rehabilitate his credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Without citing to any legal support, Fuseini argues that he is not required to corroborate his sexual orientation because it "is a complicated personal feeling or characteristic that cannot be proved or disproved by physical evidence or other people's words." Although in certain circumstances the agency may not deny relief based on an "otherwise credible" applicant's failure to provide corroborating evidence, it properly relied on the lack of corroboration here because, as explained above, Fuseini was not "otherwise credible." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (emphasis

6

omitted).  Further, Fuseini had the burden to establish that his "membership in a particular social group . . . was or will be at least one central reason for" his persecution.  8 U.S.C. § 1158(b)(1)(B)(i) (placing the burden of proof on the asylum applicant).

In sum, the inconsistencies, demeanor finding, and lack of corroboration described above provide substantial evidence for the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  That determination is dispositive of asylum, withholding of removal, and CAT relief here because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7